UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOBAL OUTREACH, S.A.., et al., : | |
| : | Civil Action No. 08-271 (SRC) |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | |
| CARMEN BENEDICT, et al., : | |
| : | |
| Defendants. : | |

**CHESLER**, District Judge

This matter comes before the Court on the application filed by Defendants Carmen Benedict, Laura Sullivan and Patrick Sullivan (hereinafter, collectively "Defendants") for an Order entering final judgment pursuant to Federal Rule of Civil Procedure 54(b) [docket item no. 38]. Defendants seek final judgment on their counterclaim against Plaintiffs Global Outreach, S.A., Global Outreach, LLC, Anil Kothari and Hemangini Kothari (collectively, "Plaintiffs") and third-party claim against Third-Party Defendant Global Outreach, LLC to recover the principal amount loaned to Plaintiffs pursuant to an October 19, 2006 Note, to wit, $100,000.

Defendants obtained summary judgment on this claim by Order dated October 1, 2008 (the "October 1 Order") [docket item no. 34]. Following oral argument on September 25, 2008 on the parties' cross-motions for summary judgment, the Court disposed of some claims and

transferred others to the United States District Court for the District of Nevada.  It did not leave open any claims before this Court but maintained the matter on the Court's calendar to provide Defendants an opportunity to file a motion for attorneys' fees.   Defendants submitted a letter, dated November 14, 2008, to the Court stating that they have decided not to file such a motion (the "November 14 Letter") [docket item no. 38].

In the November 14 Letter, Defendants also request that the Court issue a final judgment regarding their entitlement to relief on one of their counterclaims, as provided by the October 1 Order. 2008.  Plaintiffs' claims in this action, as set forth in the Fourth through Seventh Counts in the Complaint, remain active and unresolved.  Generally, final judgment can be achieved only by complete disposition of all claims among all parties.  Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 204 (1999); see also Gerardi v. Pellulo, 16 F.3d 1363, 1369 (3d Cir. 1994) ("Finality is defined by the requirements of 28 U.S.C. § 1291, which are generally described as 'ending the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment'" (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988))). The Federal Rules of Civil Procedure, however, provide that the Court may direct entry of final judgment as to "one or more, but fewer than all, claims" if it "expressly determines that there is no just reason for delay."  Fed.R.Civ.P. 54(b).

Plaintiffs' unresolved claims, as set forth in the Fourth through Seventh Counts of the Complaint, deal with a separate and independent legal obligation, namely the November 7, 2006 Note, from the claim on which Defendants seek entry of final judgment.  Moreover, the Court found, on the record of proceedings of September 25, 2008, that the November 7, 2006 Note was the subject of a first-filed lawsuit pending in the United States District Court for the District of

Nevada.  Accordingly, the October 1 Order transferred Plaintiffs' claims relating to the November 7, 2006 to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §  1404(a).

Disposition on the claim on which Defendants seek entry of final judgment is complete. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).  The independent nature of the obligation at issue, vis-a-vis the unresolved claims, militates in favor of granting Defendants' application pursuant to Rule 54(b).  The Court finds that there is no just reason to delay entry of final judgment on Defendants' claim involving recovery under the terms of the October 19, 2006 Note. Id.; Fed.R.Civ.P. 54(b).

An appropriate order entering final judgment will be filed herewith.

 s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated:  December 3, 2008